CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 30 2005

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 7:05CV00417 |
| v. | )<br>) |
| OLVER INCORPORATED, | ) **COMPLAINT**<br>) |
| and | )<br>) **JURY TRIAL DEMAND** |
| ADECCO USA, INC., | )<br>) |
| Defendants. | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and national origin, and to provide appropriate relief to Shannica Allen Dickerson who was adversely affected by such practices. The Commission alleges that Defendants, Olver Incorporated and Adecco USA, Inc., discriminated against Ms. Dickerson by discharging her based on her race and national origin, as alleged with greater particularity in paragraph 8, below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A(a)(1).

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Western District of Virginia, Roanoke Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C., Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Olver Incorporated ("Olver") has continuously been a Virginia corporation doing business in the State of Virginia, and the County of Montgomery, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Adecco USA, Inc. d/b/a Adecco Employment Services ("Adecco"), has continuously been a Delaware corporation doing business in the State of Virginia, and the County of Montgomery, and has continuously had at least fifteen employees.

6. At all relevant times, Defendant Employers Olver and Adecco have continuously been employers engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Shannica Allen Dickerson filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least March 2004, Defendant Employers Olver and Adecco have engaged in unlawful employment practices at their Blacksburg, Virginia facilities, in violation of Section 703(a) and (k) of Title VII, 42 U.S.C. Section 2000e-2. These practices include discharging Ms. Dickerson from her position with Olver Incorporated, through Adecco USA, Inc. d/b/a Adecco Employment Services, based on Ms. Dickerson's race (Black), and national origin (Virgin Islands). The Commission alleges that on or about March 16, 2005, Defendants discharged Ms. Dickerson based on her race, national origin, and interrelated accent/dialect.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Shannica Allen Dickerson of equal employment opportunities and otherwise adversely affect his status as an employee based on his national origin.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Ms. Dickerson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers Olver and Adecco, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of race and national origin.

B. Order Defendant Employers Olver and Adecco to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees

without regard to race and national origin, which eliminate all forms of discrimination on the basis of race and national origin, and which eradicate the effects of Defendants' past and present unlawful employment practices.

C. Order Defendant Employers Olver and Adecco to make whole Shannica Allen Dickerson by providing appropriate back pay, with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement of Shannica Allen Dickerson or front pay in lieu thereof.

D. Order Defendant Employers Olver and Adecco to make whole Shannica Allen Dickerson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant Employers Olver and Adecco to make whole Shannica Allen Dickerson by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including past and future emotional pain and suffering, humiliation, embarrassment, anxiety, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employers Olver and Adecco to pay Shannica Allen Dickerson punitive damages for their malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the complaint.

        Respectfully submitted,

        ERIC S. DREIBAND
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        GERALD S. KIEL
        Regional Attorney

        TRACY HUDSON SPICER
        Supervisory Trial Attorney

        STACEY TURNER CALDWELL
        Senior Trial Attorney
        Virginia Bar No. 35609

        EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
        Richmond Area Office
        830 East Main Street, Suite 600
        Richmond, Virginia 23219
        (804)771-2214